# Removal of Presidentially Appointed Regents of the Uniformed Services University of the Health Sciences

There is no statutory limitation on the President's power to remove his appointees to the Board of Regents of the Uniformed Services University of the Health Sciences, and any such limitation would in any event be unconstitutional in light of the purely executive functions performed by these individuals.

January 18, 1982

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

This responds to your inquiry as to whether the President has the power to remove the persons appointed by him to the Uniformed Services University of Health Sciences pursuant to 10 U.S.C. § 2113(a)(1) (1976). It is our conclusion that the President has this power.

The Uniformed Services University of Health Sciences (University), authorized to grant appropriate advanced degrees, has been established by 10 U.S.C. § 2112. The business of the University is conducted by a Board of Regents (Board). 10 U.S.C. § 2113(a). The Board consists of nine persons appointed by the President with the advice and consent of the Senate (10 U.S.C. § 2113(a)(1)), and several ex officio members. 10 U.S.C. § 2113(a)(2)–(4), (d). The members of the Board other than the ex officio members, *i.e.*, the persons appointed to the Board by the President pursuant to § 2113(a)(1), have staggered six-year terms; members appointed to fill a vacancy are appointed for the remainder of the unexpired term. § 2113(b).

We believe the President has the power to remove the presidentially appointed members of the Board for several reasons. First, according to the basic rule of construction announced by James Madison during the first session of the First Congress, "the power of removal result[s] by a natural implication from the power of appointment." 1 Ann. Cong. 496. The courts have consistently upheld the general validity of that rule. *Matter of Hennen*, 38 U.S. (13 Pet.) 230, 259–60 (1839); *Blake* v. *United States*, 103 U.S. 227, 231 (1880); *Myers* v. *United States*, 272 U.S. 52, 119 (1926).

Second, there is no indication in the statute that Congress intended to limit the President's removal power. The provision that the presidential appointees to the Board shall serve staggered six-year terms is not indicative of a congressional intent that they have the right to serve out their terms. It has been established

81

since *Parsons* v. *United States,* 167 U.S. 324, 338 (1897), that a provision for a term merely means that the officer cannot serve beyond his term without reappointment which would subject him to the scrutiny of the Senate. In other words, a provision for a term is an act of limitation and not of a grant.

Third, assuming, *arguendo,* that it were possible to find a congressional intent to limit the President's removal power in the premises, such limitation would be clearly unconstitutional in view of the functions vested in the Board. It has been firmly established that the President's power to remove purely executive officers follows the power to appoint and cannot be limited by Congress. *Myers* v. *United States, supra.* Congressional limitations on the power of the President to remove his appointees have been upheld only in the cases of officers performing quasi-judicial or quasi-legislative functions. *Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935); *Wiener* v. *United States,* 357 U.S. 349 (1958). The operation of a University, however, is a purely executive function, and cannot under any circumstances be considered to have a quasi-judicial or quasi-legislative character.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*